UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CRAIG GIBSON,                )
   Plaintiff,              )
                             )
vs.                          )       No. 18-3006
                             )
S. HOWARD and Dr. KAYIRA,    )
   Defendants              )

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Dr. Kayira and Health Care Administrator Howard were deliberately indifferent to his serious medical condition at Graham Correctional Center. Plaintiff first saw Dr. Kayira on June 23, 2017 for a bad cough. The doctor noted Plaintiff had "light bronchitis" and therefore prescribed amoxicillin and another drug which is unreadable in the complaint.

After Plaintiff finished the medication, his cough had not abated so he again filled out a request for medical care. On July 10, 2017, Dr. Kayira found Plaintiff still had bronchitis, so he ordered a stronger medication, Bactrim, for the next ten days. Dr. Kayira also ordered a chest x-ray which came back negative.

1

When Plaintiff finished the second round of medication, he was still coughing. Therefore he filled out a third request for medical care and saw Dr. Kayira on August 28, 2017. The doctor reviewed Plaintiff's medical chart and told Plaintiff there was "nothing wrong with me and that I was possibly mentally ill and that he would not see me again for this problem." (Comp, p. 5). The doctor then directed the correctional officer to remove Plaintiff.

Plaintiff sent a "request" to the Warden concerning the need for more health care and filed a grievance. (Comp., p. 5). Plaintiff received a response from Health Care Administrator Howard again stating Plaintiff's x-rays were normal and there was nothing wrong with him. Plaintiff asked to be see a specialist, but his request was denied.

Plaintiff says he still has a lingering cough, but he has been denied medical care. However, Plaintiff has attached medical records to his complaint showing Plaintiff saw medical staff on May 25, 2017; May 30, 2017; June 15, 2017; June 23, 2017; July 8, 2017; July 10, 2017; August 11, 2017; August 28, 2017; and October 8, 2017. (Comp., p. 7-22)

The August 28, 2017 medical record indicates while Plaintiff reported his cough had not improved, the doctor observed Plaintiff was breathing normally and his chest x-ray was normal. The attached July 12, 2017 x-ray report notes Plaintiffs lungs were clear, and his heart and circulatory system were within normal limits. (Comp., p. 22). The doctor noted a possible underlying mental health problem and referred Plaintiff for an evaluation. (Comp., p. 19).

2

Plaintiff has also provided his request slips and the responses received from Defendant Howard. For instance in August and September of 2017, Defendant Howard informed Plaintiff his x-ray was normal, but "you may submit a request slip to see healthcare." (Comp., p. 24, 25). Defendant Howard repeated the same information in her response to Plaintiff's grievance. (Comp, p. 28, 29).

In order to articulate an Eighth Amendment violation, Plaintiff must allege Defendants were deliberately indifferent to a serious medical condition. *Farmer v Brennan*, 511 U.S. 825, 834 (1994). However, medical decisions, such as whether one course of treatment is preferable to another, are beyond the Eighth Amendment's purview. Mere dissatisfaction or disagreement with a doctor's course of treatment is generally insufficient. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996).

Plaintiff may have difficulty establishing his cough is a serious medical condition since he received two rounds of antibiotics, he was breathing without problems, and an x-ray returned negative. Nonetheless, for the purposes of notice pleading, the Court will assume his persistent cough which lasted over several months does meet this standard. However, the record submitted by Plaintiff indicates he was repeatedly informed he could still return to the Health Care Unit even after his August 2017 visit with Dr. Kayira. If Plaintiff is simply alleging he should have been sent to an outside specialist, he has failed to articulate a constitutional violation.

Plaintiff's complaint is therefore dismissed for failure to clearly allege a violation of his Eighth Amendment rights. If Plaintiff believes he can articulate a constitutional violation, he may file an amended complaint within 21 days of this order. However,

Plaintiff must explain whether he made any requests for medical care after the August 2017 visit, and if so, what happened? The amended complaint must stand complete on its own, include all claims against all defendants, and must not make reference to the previous complaint.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A.

2) If Plaintiff believes he can state a constitutional violation based on the incident alleged, he may file an amended complaint within 21 days of this order or on or before April 23, 2018. If Plaintiff fails to file an amended complaint on or before the April 23, 2018 deadline, his case will be dismissed.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew after Plaintiff clarifies his intended claims. [3].

4) Plaintiff's motion for a status update is denied as moot. [9].

5) The Clerk is to provide the Plaintiff with a blank complaint form and reset the internal merit review deadline for 30 days for the date of this order.

Entered this 2nd day of April, 2018.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE