UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CRAIG GIBSON,  )
   Plaintiff,  )
     )
vs.  )   No. 18-3006
     )
S. HOWARD and Dr. KAYIRA,  )
   Defendants  )

MERIT REVIEW ORDER

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [11].

Plaintiff's original complaint alleged Dr. Kayira and Health Care Administrator Howard were deliberately indifferent to his serious medical condition at Graham Correctional Center. [1]. However, Plaintiff's complaint detailed medical care he received from June 23, 2017 through August 28, 2017 for a bad cough due to bronchitis including two rounds of antibiotics and chest x-rays.

During Plaintiff's visit with Dr. Kayira in August of 2017, Plaintiff reported no improvement with his cough. However, Plaintiff was breathing normally and his chest x-ray was normal. Specifically, a July 12, 2017 x-ray showed Plaintiffs lungs were clear, and his heart and circulatory system were within normal limits. (Comp., [1], p. 22). The doctor noted a possible underlying mental health problem and referred Plaintiff for an evaluation. (Comp., p. 19). Plaintiff claims Dr. Kayira also stated he would not see Plaintiff again for his complaints of a persistent cough.

Plaintiff filed a grievance and Health Care Administrator Howard responded again noting his x-ray was normal, but "you may submit a request slip to see healthcare." (Comp., [1],p. 24, 25).

In its original merit review order, the Court noted it was not clear whether Plaintiff was suffering from a serious medical condition in terms of the Eighth Amendment, but "for the purposes of notice pleading, the Court will assume his persistent cough which lasted over several months does meet this standard." April 2, 2018 Merit Review Order, p. 3. Nonetheless, Plaintiff's complaint demonstrated he did receive medical care until August 28, 2017, and Plaintiff did not allege he had requested any subsequent medical care for his cough.

The Court noted if Plaintiff was simply alleging he should have been sent to an outside specialist, then he had failed to articulate a constitutional violation. However, Plaintiff was given additional time to file an amended complaint if Plaintiff believed he could articulate a constitutional violation based on the events after August 28, 2017. *See* April 2, 2018 Merit Review Order. "Plaintiff musts explain whether he made any requests for medical care after the August 2017 visit, and if so, what happened." April 2, 2018 Merit Review Order, p. 4.

Plaintiff has now responded with his motion for leave to amend which is granted pursuant to Federal Rule of Civil Procedure 15. [11]. The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim

2

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's amended complaint outlines some of Plaintiff's actions after his last visit with Dr. Kayira which either do not state a constitutional violation, or clearly are not the proper way to request medical care within the correctional center. For instance, Plaintiff says he wrote to the warden, and he wrote to Defendant Howard asking to be seen by a specialist.

Nonetheless, Plaintiff also alleges he put in a sick call request slip on September 3, 2017 for his persistent cough and he was not allowed any additional medical care for this ongoing condition. At the screening stage, the Court must "accept as true all facts alleged in the complaint and draw all reasonable inferences from them in the plaintiff's favor." *Kimmons v. Waupun Property Staff*, 1 Fed.Appx. 496, 498 (7th Cir. 2001). Therefore, for the purposes of notice pleading, Plaintiff has alleged Defendants Dr. Kayira and Howard were deliberately indifferent to his serious medical condition when they refused any additional medical care for his persistent cough after August 28, 2017.

Plaintiff is reminded his disagreement with the doctor's assessment of his condition is not sufficient to demonstrate a constitutional violation. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). In order to succeed on his claim, Plaintiff must be able to demonstrate he suffers from a serious medical condition related to his cough.

The Court will attempt to serve the Defendants and once they are in the case, this matter will be set for a telephone status conference. At the hearing, the Court will clarify Plaintiff's claims. For instance, did he put in additional requests for sick call,

3

was he seen by medical staff, and has anyone ever diagnosed him with a serious medical condition?

If instead, Plaintiff would prefer to dismiss his lawsuit, he may file a motion to voluntarily dismiss within 14 days and the Court will waive the remainder of his filing fee.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Dr. Kayira and Howard were deliberately indifferent to his serious medical condition when they refused any additional medical care for his persistent cough after August 28, 2017. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If

Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15. [11]; 2) Attempt service on Defendants pursuant to the standard procedures; 3) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 9th day of July, 2018.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE